# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 29, 1924.

———

JAMES J. McNAMARA, ET AL.,
VS.
DR. ALBERT H. BRAECKLEIN, ET AL.

———

*Henry M. Siegel* and *James J. Mc-Namara* for plaintiffs.

*George Arnold Frick* for defendants.

DAWKINS, J.—

This is a bill to set aside deeds conveying property mentioned in the proceedings, claiming that the defendants have transferred the property in prejudice to the rights of existing creditors.

The plaintiff, McNamara, had a claim against the defendant, Albert H. Braecklein, in 1922. Suit was brought on June 8, 1922. Since it was not paid, the plaintiff obtained a judgment on April 4, 1923. The plaintiff Smallwood had a claim upon the defendant. She instituted suit about August 14, 1922, and obtained judgment on October 9, 1923.

On May 27, 1922, Braecklein conveyed to the defendants O'Keefes, the property mentioned for a nominal consideration. On June 6, 1922, the defendant Bracklein was married and on June 12, 1922, the O'Keefes conveyed the property to Albert H. Braecklein and Marguerite Braecklein (whom he had married on or about June 6, 1922).

Confessedly if these claims were correctly owing to the plaintiffs, the conveyances were made about the time when the plaintiffs were forcing collection by suits but even if this be true the defendants contend that the defendant, Albert H. Braecklein, did not believe he owed either of the plaintiffs and even if he did that he had a right to convey his property in consideration of the fact that the defendant was to marry him.

The defendant, Albert H. Braecklein, assigned about September 26, 1922, his automobile to his wife for $300 for the purpose of buying another machine, which he never bought, and sold a ground rent owned by him and also practically withdrew all of his money in bank about the same time. By these sundry acts he divested himself of all of his property and made himself in the event that the plaintiffs succeeded in securing judgments against him, judgment proof.

It is admitted that the defendants O'Keefe had no actual interest, being merely servers of title. The conveyance from defendant Braecklein was not made to the wife as alleged it was to be made, but to him and his wife (before marriage) as tenants by the entireties. Really no such person existed as Marguerite Braecklein. The deed was executed on May 27, 1922, and left with the attorney in escrow, not having been recorded until about June 15, 1922. The marriage took place about June 6, 1922.

The plaintiff, McNamara, had been attending to legal business of various kinds for the defendant from 1920 until April 20, 1922. Then there was a misunderstanding and a claim for services was made. Miss Smallwood made a claim for what she claimed had been wrongfully obtained from her, on a misrepresentation in regard to stock. Both of these claims whether believed correct or not were being asserted. True, the defendant, Dr. Braecklein, disputed both claims and contended that the parties owed him for professional services, stock subscriptions, etc. After a contest, judgments were rendered in favor of both claimants. When the judgments were obtained the defendant had no visible property in his name.

In April, 1922, another judgment had been obtained against the defendant and he said he sold his ground rent to settle that judgment. His automobile he conveyed to his wife on September

26, 1922, for $300 (though apparently worth more) for the purpose of giving her a chance to learn to drive, and he was going to buy a new automobile which he never bought. The bank account was practically closed, by withdrawing all cash in April, 1922. The house is alleged to have been conveyed in pursuance of an agreement to do so at a meeting of a number of the family in the doctor's office, on which occasion the future wife without any special preliminary talk is alleged to have said she would marry him in consideration of giving her the home. The brother heard this too. The doctor also agreed to it. The parties were engaged in March. They all are alleged to have heard the promise made "in consideration of marriage." Some heard him say "owed no one."

There is no doubt that if a debtor 'in anticipation of a suit or when a suit has been brought conveys his property, the stigma of fraud attaches. 51 Md. 322, Gebhard vs. Merfeld & Kemper, and other cases.

If the intent to defraud exists and the conveyances eventuates in defrauding the plaintiffs of all chance to collect their debts the transfer must be void. As great as may be the hardship sometimes, a person has no right to strip himself of his property and deprive a creditor of his right to collect his debt. 87 Md., Brown vs. Magill, ibid Scott vs. Kearn.

The contention of the plaintiffs that this contract of conveyance could not be enforced because not in writing— would seem to make no difference if it be fulfilled but the Court is confronted with two difficulties in upholding the conveyance.

1. The consideration of marriage is a good one, especially if there was no fraudulent intent, but it is difficult to accept with conviction either that the defendant, Dr. Braecklein, did not feel that there was something in the claims of the plaintiffs even though he felt he could successfully resist them, and

2. The circumstances of the promise to convey as recited does not carry conviction. It is impossible to understand that the arrangement was made. The result of the conveyance is clear. The circumstances compel the belief that the arrangement was being made for the purpose of preventing the claims

being collected, if judgments were obtained. It is fair to assume that both parties to the conveyance knew the circumstances.

The deeds will be set aside so far as the rights of these plaintiffs are concerned.